DONALD D. PRICE, APPELLEE, v. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.

298 N. W. 746

FILED JUNE 20, 1941. No. 31150.

*Beeler, Crosby & Baskins,* for appellant.

*E. H. Evans* and *Urban Simon, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

YEAGER, J.

This is an action by Donald D. Price, plaintiff and appellee, against the Platte Valley Public Power and Irrigation

District, a corporation, defendant and appellant, instituted for the purpose of recovering salary in the amount of $1,506.97, claimed to be owing plaintiff by the defendant under an oral contract entered into on November 8, 1933. The defense is the statute of limitations.

The case was tried to a jury. At the conclusion of plaintiff's testimony the defendant moved the court to direct the jury to return a verdict in its favor, or to discharge the jury and dismiss the action. The motion was overruled. The defendant thereupon rested its case and renewed its motion. This motion was likewise overruled. The plaintiff then moved for directed verdict in his favor. The court then discharged the jury and required argument and submission of the case to the court. On November 14, 1940, judgment was rendered in favor of plaintiff as prayed for in the amount of $1,506.97 and interest in the sum of $237.31. From this judgment the defendant has appealed.

Although the assignments of error are numerous, the only question for determination is as to whether or not, as against the defense of the statute of limitations, the plaintiff has by his evidence shown a right of recovery.

There is no substantial dispute as to the facts. On November 8, 1933, the plaintiff and defendant corporation entered into an oral contract pursuant to authority of the board of directors of the defendant, whereby plaintiff was employed as chief engineer of the defendant corporation at a salary of $9,000 per annum. Plaintiff immediately entered upon his employment and so continued to April 27, 1934, when the oral contract was rescinded and mutually abandoned by the parties, and a written contract entered into whereby plaintiff became chief engineer and general manager for defendant at a salary of $12,000 a year, payable monthly. On May 11, 1934, another written contract was entered into wherein the annual salary was reduced to $10,000 per annum. This last contract was approved by the board of directors on June 9, 1934, and since its consummation was dependent on Public Works Administration funds, it was approved by that administration on June 12,

1934. During all of this time plaintiff performed the duties required of him under his contract or contracts.

Funds did not become available for payment of salary until July, 1934. On July 17, 1934, the defendant sent three salary vouchers for salary of plaintiff to the Public Works Administration for approval. The first was for $1,506.97 for the period from November 8, 1933, to January 8, 1934, at the oral contract rate of $9,000 a year. The second was for $3,055.53 for the period from January 9, 1934, to May 10, 1934, also at the oral contract rate of $9,000 a year. The third was for $1,388.88 for the period from May 11, 1934, to June 30, 1934, at the written contract rate of $10,000 a year. The third voucher was approved, returned, delivered to plaintiff and paid. The first was never approved. Whether or not it was immediately returned to the defendant by the Public Works Administration is not certain. It is certain that the voucher was never delivered to plaintiff. The second voucher was never paid. However, a new one for $3,364.19, covering the same period, and apparently at the rate of $10,000 a year, was issued on March 30, 1935, which was paid. On November 1, 1937, the Public Works Administration specifically refused to allow the first one, or the one for $1,506.97, and on March 12, 1938, the board of directors of the defendant canceled the item as a salary claim on its records, where it had been carried since its issuance, and ordered a transfer of the amount to the construction funds. At no time up to the date of the commencement of this action was there ever a promise, either oral or in writing, to pay the plaintiff, except as outlined in the contracts and indicated by the instruments of payment as set out herein. This action was begun by the filing of petition on September 28, 1938, with due service of process on the same day.

Clearly under the pleadings and the evidence the action here is controlled by the limitations contained in section 20-206, Comp. St. 1929, as follows: "Within four years, an action upon a contract, not in writing, expressed or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

If plaintiff is entitled to recover at all, it is by virtue of his oral contract entered into on November 8, 1933.

As has already been pointed out, the defense is the statute of limitations, and exhaustive argument is found in the briefs on the question of when the statute began to run against the claim of the plaintiff. In the view we take of the record, the major portion of it has no bearing on the questions presented. In the light of the record, it appears that the oral contract at a salary simply of $9,000 a year was entire, and without provision for monthly payments as contended by plaintiff. It was terminated by mutual action of the parties at least tentatively on April 27, 1934, when the first written contract was entered into, and finally on June 9, 1934, when the second written contract was approved by the board of directors of the defendant and without any contention then or now that plaintiff was not entitled to pay *pro tanto* on the first contract. Since the oral contract was not dependent upon any contingencies pertaining to work or payment of salaries, when the contract was terminated in the manner it was terminated plaintiff became entitled to payment of salary earned. The applicable rule in such circumstances is that a contract complete in itself will be conclusively presumed to supersede another one made prior thereto in relation to the same subject-matter. *Housekeeper Publishing Co. v. Swift,* 97 Fed. 290. Numerous other cases are collected in 17 C. J. S. 886, sec. 395, note 7.

The statute of limitations began to run against the claim at the earliest on April 27, 1934, and at the latest on June 9, 1934. In the light of subsequent events, it does not become necessary to select either the one or the other date, although one or the other must be settled upon unless something occurred to toll the statute. The statute clearly was tolled by part payment made by the voucher issued on March 30, 1935. This payment was clearly voluntary on the part of the defendant, and without question voluntary part payment of an existing debt arising upon contract will toll the statute of limitations. Comp. St. 1929, sec. 20-216; *Rolfe v. Pilloud,* 16 Neb. 21, 19 N. W. 615, 970; *Nelson v. Becker,*

32 Neb. 99, 48 N. W. 962; *Ebersole v. Omaha Nat. Bank,* 71 Neb. 778, 99 N. W. 664; *Blair v. Estate of Willman,* 105 Neb. 735, 181 N. W. 615; *Kienke v. Hudson,* 126 Neb. 551, 253 N. W. 687.

It is urged that this cannot be considered as part payment on the total salary earned under the oral contract, since, first, the amount of this voucher was computed on the basis of $10,000 a year, and second, because a monthly rate was established, from which defendant argues that, while the oral contract was for $9,000 annually, it was contemplated that it was to be paid monthly, thereby making of each monthly instalment a claim separate from each and every other instalment.

As to the first, the position of defendant is untenable. There is nothing in the evidence to indicate the reason for adopting the basis of $10,000 a year for payment from January 9 to May 10, 1934, except that the Public Works Administration director had approved this basis. Also there is no question that this voucher covered the period of employment of plaintiff under the oral contract from January 9, 1934, to either April 27, or June 9, 1934. Further, the defendant, so far as the record discloses, has never contended, and does not now contend, that it was not obligated to pay plaintiff for his service under the oral contract. The sole and only contention of defendant in this connection is that the only funds for payment were those which were under control of the Public Works Administration, and that this authority refused to allow payment of the salary in question, and that the parties contracted with reference to these funds; that when allowance of payment was refused the statute of limitations began to run. This contention probably would be valid if made with reference to either or both of the written contracts, but it has no application to the oral contract.

There is no evidence in the record to the effect that the oral contract had any dependence on Public Works Administration approval. In fact, the resolution of the board of directors authorizing the oral contract, by fair implication,

negatives any such dependence. The resolution is as follows: "It was moved by Maloney, seconded by Fisher, that Donald D. Price of Lincoln, Nebraska, be elected Chief Engineer at a salary of $9,000 per annum, said salary to start when actual engineering of the project in preparation to let contracts shall start. Motion carried."

Fairly summarized, we conclude, the evidence discloses that on November 8, 1933, the plaintiff and defendant entered into an oral contract whereby plaintiff was employed at an annual salary of $9,000 a year, which contract was abandoned on either April 27 or June 9, 1934, by mutual consent, but without plaintiff being paid for his service under the contract. Payment for this service was paid in part by voucher dated March 30, 1935, leaving unpaid the amount of $1,506.97, under the evidence unquestionably an obligation of the defendant.

The part payment of March 30, 1935, tolled the statute of limitations, so therefore the statute of limitations was not a valid defense to the action of the plaintiff.

These views are not in strict accord with the findings of the district court. However, the ultimate finding that the action is not barred by the statute of limitations is the same. Under our conclusion the plaintiff would be entitled to interest from June 9, 1934, whereas under the finding and judgment of the district court he is allowed interest from March 14, 1938. Plaintiff not having cross-appealed, this judgment must stand. In all other respects it is correct.

For the reasons herein set forth, we conclude that the judgment of the district court should be, and it is accordingly

AFFIRMED.