IN RE ESTATE OF FRANK A. WISE.
WARREN J. JONES, APPELLANT, V. HERBERT E. WISE, ADMINISTRATOR, APPELLEE: MCKESSON & ROBBINS, INC., INTERVENER, APPELLEE.

13 N. W. 2d 146

FILED FEBRUARY 25, 1944. No. 31653.

*Morrow & Miller* and *Carl L. Sackett,* for appellant.

*Straight Townsend, Cloid J. Wilson* and *Paul I. Manhart,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

SIMMONS, C. J.

In this action, Warren J. Jones, herein called the plaintiff, filed a claim against the estate of Frank A. Wise. Objections were filed to the claim by the administrator and by certain creditors. The estate and the creditors will be referred to herein as the defendants. The claim was allowed by the county court in the sum of $44,116.67. The matter was appealed to the district court. Plaintiff filed his peti-

tion in that court, praying for judgment in the amount of the claim as allowed by the county court. The creditors then filed a motion, of some 25 paragraphs, to strike certain parts of the petition. The trial court, Judge Henry J. Beal presiding, sustained the motion to strike and granted plaintiff time to file an amended petition, or, in lieu thereof, ordered the cause to stand for trial on the petition as amended by the court. The plaintiff elected to stand upon his petition as originally filed. The defendants answered; a reply was filed; and, on motion of the defendants, judgment was granted plaintiff on the pleadings in the sum of $720.80. Plaintiff appeals. We reverse the judgment of the trial court.

Plaintiff's petition recited the following factual situation:

On May 21, 1920, plaintiff and decedent, hereinafter referred to as Wise, entered into a written agreement, reciting and acknowledging that Wise was indebted to the plaintiff in the sum of $23,234. Wise agreed to take out, assign to plaintiff, and keep in force a policy of life insurance in the sum of $10,000; this to be as partial security for the payment of the acknowledged debt. Wise agreed to make payments on the debt as his financial condition warranted; and plaintiff agreed not to take judgment on the contract so long as Wise acted in good faith and made a *bona fide* attempt to carry out the contract.

The policy of insurance was taken out and assigned to plaintiff. Later, in 1936, a different policy was taken out and substituted for the original. Wise paid the premiums and kept the policy in force. Wise paid, between July, 1921, and November, 1938, the sum of $540 on the indebtedness and made in writing several acknowledgments of the indebtedness. On August 3, 1939, there was due to plaintiff under the contract the sum of $49,052.50.

On the latter date, the plaintiff and Wise entered into a written agreement, to which we refer as the 1939 contract, referring to and making the 1920 contract "a part of this contract" and attaching it to the 1939 contract; reciting the payments made on the 1920 contract; that they had entered

into an agreement whereby Wise "shall liquidate and discharge" the 1920 contract by payment of $14,000 and the assignment of a $10,000 life insurance policy. The $14,000 was to be evidenced by 5 notes in the sum of $1,500 each, payable one on August 14, 1939, and one each year thereafter, and 65 notes for $100 each, payable monthly beginning September 1, 1939, the notes to bear interest after maturity.

The 1939 contract further provided that if Wise failed to pay the notes punctually, plaintiff had the right to declare the 1939 contract "null and void," and demand payment of the balance of the $14,000 remaining unpaid; and that if full payment was not made, then the 1939 contract was to be terminated and the 1920 contract "shall govern the liability" of Wise to the plaintiff. The 1939 contract further provided that plaintiff would not terminate it until at least 3 of the $100 notes were past due; and that plaintiff could declare the 1939 contract "null and void" and demand full payment of all the notes upon the failure of Wise to pay any $1,500 note within 30 days after due. The 1939 contract further provided that "when the notes herein described are paid in full, * * * (Wise) shall be released from any further obligation or liability" under the 1920 contract.

It was agreed in the 1939 contract that Wise should keep the $10,000 insurance policy in force until the notes had been paid in full; that in the event of death, the benefits should be paid to plaintiff and applied on the notes; and that "upon the full payment of said notes," the plaintiff could pay the premiums and carry the policy with himself as beneficiary, in reimbursement of any balance due plaintiff on the 1920 contract. Wise was not to encumber the policy, and if he failed to pay the premiums he was required to pay, plaintiff could pay them, and Wise was obligated to reimburse him, and if he failed to do so within a stated time, then any balance due on the 1939 contract became due and payable at once, and upon failure to pay said balance, the 1939 contract "shall terminate" and the 1920 contract "shall be reinstated and shall be payable by the terms there-

of, less any payments made under this (1939) agreement."

The 1939 contract concluded with two paragraphs, providing that if Wise "fails for a period of three months to pay any of the $100.00 notes, or shall fail to pay any $1500.00 note within thirty days from the date the same becomes due, * * * (plaintiff) shall have the right to terminate this contract and the contract of May 21, 1920, shall be reinstated and shall be payable in accordance with the terms thereof, less any payments made under the terms of this contract;" and upon Wise "paying said notes' in full and paying any insurance premiums paid by * * * (plaintiff), then * * * (Wise) shall be released from further obligation to the * * * (plaintiff) under said contract dated May 21, 1920."

Thereafter Wise executed and delivered the notes called for in the 1939 contract; paid the first $1,500 note and the first 18 of the $100 notes. Wise committed suicide March 31, 1941. At that time the $1,500 note due and payable August 1, 1940, had not been paid, and the $100, due and payable March 1, 1941, had not been paid.

On August 7, 1941, the 1920 and 1939 contracts were exhibited to the administrator, together with the unpaid notes, the insurance policy and its assignment. The unpaid notes were then declared due and payable and demand was made for the principal sum of $10,700 and interest. It was not paid. The entire balance, less credits, due on the 1920 contract was then declared to be due. August 18, 1941, the insurance company paid plaintiff the sum of $10,064.46, which plaintiff credited upon the amount due on the 1920 contract.

The 1920 contract was made, executed and delivered in Wyoming. Plaintiff alleged the Wyoming law, as to the statute of limitations; as to when payments due under the 1920 contract became payable; interest rate, etc.; and the time when Wise ceased to be a resident of Wyoming and became a resident of Nebraska.

Plaintiff prayed judgment for the amount due on the 1920 contract, after allowing credits for the payments made by Wise and by the insurance company. To this petition

there were attached the 1920 and 1939 contracts, from which we have quoted. By the allegations of the petition, the 1939 contract was "made a part" of the petition. Also, the 1920 contract was "made a part" of the 1939 contract. Accordingly, we treat both contracts, as alleged, as incorporated in the petition. The parties so treated them.

To this petition the creditors filed their motion to strike various allegations of the petition on the grounds generally stated that they were "an irrelevant, incompetent and immaterial pleading of facts * * * inconsistent with other facts pleaded * * * ." The trial court sustained the motion as to "all of those matters pleaded therein, having relation to and bearing upon the contract pleaded in said petition dated May 21, 1920, between the plaintiff and the deceased, Frank A. Wise, upon which plaintiff relies and upon which contract a claim against this estate cannot be predicated or allowed." The court gave the plaintiff time to amend his petition or otherwise ordered that "the cause shall stand for trial on the petition as amended by this order."

Plaintiff elected to stand on his petition as filed, and declined to file an amended petition. His petition "as amended" by the court's order then stood with the following allegations: The death of Wise, the filing of plaintiff's claim, its allowance in the county court and the appeal; an allegation that Wise paid all the premiums on "the aforesaid" life insurance policy, its assignment, Wise's death and the payment of $10,064.46 to plaintiff (although all prior references to the insurance had been stricken); an allegation that on August 3, 1939, Wise "was in default of payment of the balance due to the said Warren J. Jones" (without any prior reference to a debt, a balance, or a default); that Wise executed a "written instrument" which was attached to and made a part of the petition; that he had executed and delivered the notes provided for in the instrument and made the payments as hereinbefore recited; and that no other payments had been made except the payment made by the insurance company; an allegation that "the original of the 3rd day of August, 1939, were exhibited" to the ad-

ministrator, together with the unpaid notes and insurance policy and assignment; that the notes were declared due and payable and demand made for payment; and that by reason of the default, "the said instrument of August 3, 1939, was terminated" and that claim was made to the insurance company and payment made.

The trial court by its order left the plaintiff where he was alleging and seeking to recover the balance of the $14,000 set out in the 1939 agreement, after the application of the sum received from the insurance company.

Thereafter, defendants filed an answer to the petition, as amended by the court, in which they denied generally; admitted the execution of the contract and notes of August, 1939; admitted an unpaid balance on the "last of said notes" in the sum of $720.80; and alleged that the balance had been "paid and satisfied," and offered no objection to an allowance of a claim in that amount. Plaintiff by reply denied that the notes had been paid as alleged by the defendants.

Defendants then moved the court for judgment on the pleadings "allowing plaintiff's claim in the sum of $720.80" and costs. This motion was sustained by the trial court, Judge C. G. Perry presiding.

Plaintiff's first assignment is that the trial court erred in sustaining the motion to strike. For the purpose of determining the relevancy and materiality of allegations in a pleading, a motion to strike admits the truth of all facts well pleaded and any inferences fairly deductible therefrom. 41 Am. Jur. 532; 49 C. J. 686; 1 Bancroft, Code Pleading, 901. See, also, *Brandeen v. Beale,* 117 Neb. 291, 220 N. W. 298.

In substance the defendants by their motion admit that in 1920 Wise was indebted to the plaintiff in the sum of $23,234; that plaintiff and Wise then executed the 1920 contract, wherein Wise acknowledged the debt and agreed to pay the same and to assign an insurance policy in the amount of $10,000 as security; that he did assign the insurance and kept it in force; that he paid upon said debt the

sum of $540, and at various times acknowledged the indebtedness in writing; that numerous demands were made for payment; that on August 3, 1939, there was due the plaintiff from Wise the sum of $49,052.50; that a reasonable time had then elapsed for the payment of the indebtedness; that on that date, and in order to give Wise an extension of time in which to pay the debt, a second contract was entered into, which made the 1920 contract "a part of said latter agreement;" that the 1920 contract was exhibited to the administrator; that demand for payment was made; that the entire balance due under the 1920 contract was demanded and not paid; that demand was made on the insurance company for payment and payment made and credited upon the amounts due under the 1920 contract. The motion also admitted that the 1920 contract was a Wyoming contract; that Wise was a resident of Wyoming until 1928, when he became and thereafter remained a resident of Nebraska; that the statute of limitations did not bar a recovery on the 1920 contract; that under the law of Wyoming, a reasonable time had elapsed for the performance of the covenants of the 1920 contract; and that the interest rate as pleaded was the legal rate in Wyoming.

Defendants in their brief rely upon section 20-833, Comp. St. 1929, which provides: "If redundant, scandalous, or irrelevant matter be inserted in any pleading, it may be stricken out on motion of the party prejudiced thereby." Defendants contend that the action of the trial court was proper under this statute. Certainly the allegations stricken are not scandalous; neither are they redundant or irrelevant in the commonly accepted meaning of those terms.

"Redundancy consists of the needless repetition of material allegations, or of the insertion of irrelevant matter." 49 C. J. 102.

"An irrelevant allegation in a pleading is one which has no substantial relation to the controversy between the parties to the action and cannot affect the decision of the court." 49 C. J. 101. The test is, does it tend "to constitute a cause of action or defense." 49 C. J. 102.

This court, in *Scofield v. State Nat. Bank,* 9 Neb. 316, 2 N. W. 888, said: "The word 'irrelevant' signifies 'is not pertinent,' or applicable. Matter is said to be irrelevant in a pleading which has no bearing upon the subject matter of the controversy, and cannot affect the decision of the court."

"Under the Code system of pleading it is not necessary to state a cause of action or defense in any particular form. The facts are to be stated. (See Comp. St. 1929, secs. 20-804, 20-811.) All that the law requires is that there shall be a cause of action or defense. It looks at the real rights of the parties and aims at the protection and enforcement of such rights. In the case at bar the defendant set up the whole transaction by which he claims that he was defrauded. This he had a right to do, and the court should not have stricken out a part of his defense. By doing so it destroyed the whole." The above language is taken from the case of *Hovland v. Burrows,* 38 Neb. 119, 56 N. W. 800.

In the above case the motion to strike was directed at parts of the answer. We think it is applicable to the situation here. Plaintiff set out the whole transaction upon which his alleged cause of action is based. "This he had a right to do." As was said by this court in *Lincoln Mtg. & Trust Co. v. Hutchins,* 55 Neb. 158, 75 N. W. 538, "A party has no absolute right to have his adversary's pleadings pruned to suit his fancy." Here the trial court, by sustaining defendants' motion to strike, "destroyed the whole" of plaintiff's alleged cause of action. Applying the rule as stated in the syllabus in the *Hovland* case to the instant situation, we think the proper rule is: A plaintiff has the right to set out his entire "statement of facts" constituting his alleged cause of action, and where such action is based on a series of acts, which together constitute the allegation of one complete transaction, a portion of the same may not be stricken out against plaintiff's objection.

It is evident, however, that the trial court considered the motion as though it were a demurrer directed at a part of the petition. Without determining the correctness of that

procedure, we also consider the motion on that basis. Defendants recognize the demurrer theory by advancing the argument that all reference to the 1920 agreement was redundant and irrelevant because "a contract complete in itself will be conclusively presumed to supersede another one made prior thereto in relation to the same subject matter," citing *Price v. Platte Valley Public Power and Irrigation District*, 139 Neb. 787, 298 N. W. 746. The rule there relied upon is fully stated in 17 C. J. S. 886, sec. 395, as follows: "A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter, where the terms of the later are inconsistent with those of the former so that they cannot subsist together. However, deviations or changes in a contract do not necessarily abrogate it or imply its abandonment, and where it is claimed that by reason of inconsistency between the terms of a new agreement and those of the old the old one is discharged, the fact that such was the intention of the parties must clearly appear. Where the contracts may stand together a subsequent will not supersede a prior one. A new contract with reference to the subject matter of a former one does not supersede the former and destroy its obligations, except in so far as the new one is inconsistent therewith, when it is evident from an inspection of the contracts and from an examination of the circumstances that the parties did not intend the new contract to supersede the old, but intended it as supplementary thereto. Where a new contract is consistent with the continuance of the former one and only provides a new mode of discharging the same, it has no effect as a rescission unless or until it is performed."

It is obvious that that rule, as cited by defendants, is not applicable to the contracts here involved. The 1939 contract was not "complete in itself." By its terms, and by the admission following from defendants' motion, the 1920 contract was incorporated in and made a part of the 1939 contract. The 1920 contract is repeatedly referred to in

the 1939 agreement. The later agreement is largely meaningless without reference to the former. The terms of the 1939 agreement are not inconsistent with those of the former. The terms of the two contracts fit into each other and show a clear intent of the parties that the 1920 contract was to be satisfied only by the full performance of the covenants of the 1939 contract. The agreement was that Wise "shall liquidate and discharge" the 1920 contract by doing certain things and making certain payments. It was the performance and not the promise that was to produce the result. As the petition alleges and the motion admits, full performance of the 1939 contract has not been made. Plaintiff's cause of action rests basically upon the 1920 contract.

This court has twice stated the rule as follows: "A new contract with reference to the subject-matter of a former one does not supersede the former and destroy its obligations, except in so far as the new one is inconsistent therewith, when it is evident from an inspection of the contracts and from an examination of the circumstances that the parties did not intend the new contract to supersede the old, but intended it as supplementary thereto." *Uhlig v. Barnum,* 43 Neb. 584, 61 N. W. 749. "Before one contract is merged in another and superseded thereby, the last contract must be between the same parties as the first, and must embrace the same subject matter, and must have been so intended by the parties." *Walsh v. Lunney,* 75 Neb. 337, 106 N. W. 447.

Defendants further rely upon the rule: "Where a creditor accepts from his debtor any form of new agreement in place of a prior contract or obligation between them, with the intent to cancel the former and to substitute the new one therefor, novation by the substitution of an obligation takes place." 46 C. J. 586; *American Loan Plan v. Frazell,* 135 Neb. 718, 283 N. W. 836. There is no quarrel with that rule here. It is not applicable. There is evidenced here no "intent to cancel the former and substitute" the 1939 contract for the 1920 contract. A contrary intent is clearly indicated. It may be here pointed out also that the 1939 con-

tract, as we construe it, does not result in a novation. See *Thomas v. George,* 105 Neb. 51, 181 N. W. 646, where we held: "An agreement, in order to result in a novation, must contain two stipulations: One to completely extinguish an existing liability, and the other, to substitute a new one in its place." See, also, 1 C. J. S. 465, sec. 1.

There is one further matter here that requires consideration. Plaintiff alleged that Wise departed this life "by committing suicide." The quoted language was included in the motion to strike, and stricken from the petition by the trial court. Defendants, in their brief, sustain this action by contending that plaintiff "was in no pecuniary way prejudiced by the manner in which Wise met his death" and hence that language "was irrelevant, redundant, and perhaps tending to be scandalous." The 1920 contract provided that Wise was to make payments "as his financial condition will warrant," and that the plaintiff would not take judgment thereon so long as Wise "acts in good faith and makes a *bona fide* attempt to carry out the terms and conditions" of the contract. Plaintiff alleged, and defendants by their motion admitted, that under the Wyoming law, a contract so worded required payment within a reasonable time. It is the plaintiff's position that Wise, by his own act, had voluntarily placed it out of his power further to perform the contract. Under the rules of code pleading hereinbefore cited, plaintiff has the right to plead the facts of his cause of action. It may well be that the cause of death may become material and relevant, depending upon the issues as finally made up herein. At this stage of the proceedings, it was error to strike the language from the petition.

We conclude that the trial court erroneously sustained the motion to strike. This conclusion makes it unnecessary to decide other errors occurring subsequent thereto in the progress of the case.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.