PHILIP G. SCHMER, APPELLANT, v. RILEY C. GILLELAND, APPELLEE.

173 N. W. 2d 391

Filed January 9, 1970. No. 37308.

Moyer & Moyer and James F. Brogan, for appellant.

Jewell, Otte & Pollock, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant demurred on the ground that the statute of limitations barred the common law remedy of plaintiff for negligence. Plaintiff's petition not disclosing the date of commencement of the action, the district court concluded that the demurrer searched the record for the date. The demurrer was accordingly sustained and the petition dismissed. Plaintiff moved for new trial on the ground of newly discovered evidence—an affidavit like a return of service. The court overruled the motion. On appeal, plaintiff assigns for error both the reach given the demurrer and the denial of new trial.

The clerk of the district court at plaintiff's request issued 4 summonses respectively dated February 19, 1966, four years after the accident; October 13, 1966; February 3, 1967; and March 14, 1968. The summonses were duly served on the Secretary of State pursuant to the nonresident motorist statute, section 25-530, R. R. S. 1943. No affidavit of notification to defendant in compliance with the statute was filed until March 25, 1968. The one then filed related only to the fourth summons.

In April 1968, defendant filed a special appearance to each summons. One ground was failure of plaintiff to file the statutory affidavit. In June the court sustained the special appearances to all except the fourth summons.

Defendant's demurrer was filed June 21, 1968, argued August 22, and sustained October 3. The court on February 7, 1969, ordered dismissal of the petition unless plaintiff should file a good amended petition within 10 days. Plaintiff having taken no action, the court dismissed the petition February 20. On March 25, for the

first time, plaintiff filed a notification affidavit of his former counsel. The affidavit, made in Madison County on March 24, related to the original summons. It was the basis for plaintiff's motion for new trial. No excuse for delay appears.

A criterion of commencement of action for limitation purposes is the date of the summons served on defendant. § 25-217, R. R. S. 1943. Where the record discloses that an action was not commenced within the time required by statute, the petition is subject to demurrer. Gorgen v. County of Nemaha, 174 Neb. 588, 118 N. W. 2d 758 (1962). The rule that a demurrer searches the record has been limited to pleadings. See In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 923 (1945).

Plaintiff's objection to the demurrer is technical. Although considerable support for it may exist elsewhere, it is in our opinion unacceptable. See, Smith v. Day, 39 Ore. 531, 64 P. 812, 65 P. 1055 (1901); Dolan v. Baldridge, 165 Wash. 69, 4 P. 2d 871 (1931); Atkinson, "Pleading the Statute of Limitations," 36 Yale L. J. 914 (1927); Clark on Code Pleading (2d Ed., 1947) 522; Annotation, 61 A. L. R. 2d 300 (1958). A demurrer on the ground of the statute of limitations opens the record pertaining to the time the action was commenced.

A motion for new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court. A ruling on the motion will not be disturbed unless an abuse of discretion is shown. Markey v. Hunter, 170 Neb. 472, 103 N. W. 2d 221 (1960). There was no abuse here.

AFFIRMED.