GEORGE P. ROSE SODDING & GRADING COMPANY, A CORPORATION, APPELLANT, v. R. JOSEPH DENNIS, ALSO KNOWN AS JOE DENIS, ET AL., APPELLEES.

237 N. W. 2d 418

Filed January 15, 1976. No. 40140.

Charles Ledwith, for appellant.

Waldine H. Olson, Schmid, Ford, Mooney, Frederick & Caporale, Malcolm D. Young, Thomas J. Monaghan, and Jo Ann York, for appellees.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and WARREN and VAN PELT, District Judges.

VAN PELT, District Judge.

This is an action brought by plaintiff-appellant, George P. Rose Sodding & Grading Company, against the defendants-appellees, based on an alleged oral contract for the grading and sodding of five lots located in Sarpy County, Nebraska. The District Court sustained the defendants' demurrers and the plaintiff appeals. There having been no evidentiary trial, the case is before this court on the file and the pleadings.

The last item of labor or material was performed and furnished by the plaintiff pursuant to the oral contract on September 5, 1969. Plaintiff's original petition and praecipe was filed September 5, 1973. On September 6, 1973, the clerk of the District Court issued summonses for all defendants. Summonses issued for defendants Floyd E. Peterson, Vincent E. Peterson, Robert Kouba, and Sanitary Improvement District No. 43 of Sarpy County, Nebraska, were served on September 7, 1973. Summons issued for the defendant Land Paving Company was served on September 10, 1973. Summonses issued for defendants Dennis and Fontenelle Hills Co., Inc., were not properly served, and their special appearances

were subsequently sustained. Alias summonses for those two defendants were issued November 9, 1973.

On September 14, 1973, Land Paving Company demurred. On October 30, 1973, the defendants Floyd E. Peterson, Vincent E. Peterson, and Robert Kouba demurred. On December 7, 1973, the demurrers of Petersons, Kouba, and Land Paving Company were sustained, and the plaintiff was given 3 weeks additional time in which to plead. On December 11, 1973, the defendant Dennis filed a demurrer, which was sustained on December 28, 1973, with the plaintiff being given 3 weeks in which to further plead.

On January 16, 1974, the plaintiff filed an amended petition against all defendants. After the overruling of defendants' motions to strike on December 30, 1974, all defendants, except Land Paving Company, filed a demurrer on January 29, 1975. On February 3, 1975, Land Paving Company filed its demurrer. On February 28, 1975, the District Court sustained all demurrers and dismissed plaintiff's amended petition. On March 10, 1975, the plaintiff filed a motion for new trial, which was overruled on April 3, 1975.

The plaintiff's assignment that the District Court erred in sustaining each demurrer and dismissing plaintiff's amended petition, is based upon the following contentions: (1) The demurrers did not specifically state that the petition shows on its face that the action is barred by the statute of limitations, and a general allegation that the petition does not state facts sufficient to constitute a cause of action does not raise the defense of the statute of limitations; (2) the statute of limitations had been tolled by virtue of the fact that defendants, through fraud and deceit, had induced the plaintiff to refrain from commencing the suit and had lulled him into a false sense of security within the period of the statute of limitations; and (3) because of the fraud previously mentioned, the statute of limitations does not begin to run until the fraud or deceit either was or

reasonably should have been discovered.

Respecting defendants Floyd E. Peterson, Vincent E. Peterson, and Robert Kouba, there is no allegation in the amended petition that they entered into any contract with the plaintiff, orally or in writing. Such an allegation would have been essential, and their demurrer would be good for that reason, even if the demurrers of the other defendants were improper vehicles for raising the defense of the statute of limitations.

Plaintiff's contention regarding the use of a demurrer to raise the statute of limitations was answered in Schmer v. Gilleland, 185 Neb. 54, 173 N. W. 2d 391, wherein it was held that where a record discloses that an action was not commenced within the time allowed by statute, the petition is subject to demurrer. See, also, Reliance Trust Co. v. Atherton, 67 Neb. 305, 93 N. W. 150; Gorgen v. County of Nemaha, 174 Neb. 588, 118 N. W. 2d 758. Although a specific statement in the demurrer that the petition is barred by the statute of limitations would have been more appropriate, the customary and general allegation that the petition does not state facts sufficient to constitute a cause of action is adequate to raise the defense of the statute of limitations by demurrer. This is true since once the petition alleges facts showing a bar by the statute of limitations, additional facts must be alleged by the plaintiff to show the tolling of the statute, or some other basis for avoiding its effect. If plaintiff fails to allege such facts, as it failed to do in its amended petition, it has, in effect, failed to allege facts sufficient to constitute a cause of action, and the petition is therefore subject to demurrer.

Section 25-206, R. R. S. 1943, provides that an action on a contract, not in writing, expressed or implied, can only be brought within 4 years. Section 25-217, R. R. S. 1943, provides that an action shall be deemed commenced within the meaning of Chapter 25, as to the defendant, at the date of the summons which is served upon him. This has been construed in Schmer v. Gille-

land, *supra,* to mean that the action is commenced on the date of the summons, which is properly served upon the defendant. Thus, in the present case, the action was commenced against Sanitary Improvement District No. 43, Floyd E. Peterson, Vincent E. Peterson, Robert Kouba, and Land Paving Company on September 6, 1973, and against Joseph Dennis and Fontenelle Hills Co., Inc., on November 9, 1973.

A cause of action upon an oral contract for work performed accrues, and the statute of limitations begins to run, when the aggrieved party has the right to institute and maintain a lawsuit. Whenever one person may sue another, the cause of action has accrued and the statute begins to run. Bend v. Marsh, 145 Neb. 780, 18 N. W. 2d 106; Weiss v. Weiss, 179 Neb. 714, 140 N. W. 2d 15.

In the instant case the oral contract was for sodding and grading work to be performed. According to the amended petition, the contract was silent as to the time of performance or the time of payment. In such a case the statute would run when the work was performed, which was September 5, 1969. See 17 Am. Jur. 2d, Contracts, § 338, p. 776. Thus, the statute commenced running on said date. In computing the 4-year term pursuant to section 25-2221, R. S. Supp., 1974, by excluding the date of the act after which the period begins to run, and including the last day of the period, the last day of the 4-year period of limitations would be September 5, 1973. Since summonses against all defendants were not properly served until after that date, the causes of action are barred, unless the plaintiff has shown the tolling of the statute.

The plaintiff does not claim that the statute was tolled by any of the statutory grounds set forth in section 25-216, R. R. S. 1943, but relies instead on certain common law equitable doctrines. In paragraphs five, six, and seven of the amended petition, the plaintiff alleges that it submitted bills for partial payment to

the defendant who possessed knowledge of the procedure and approval for the payment of the same; that the plaintiff in late September of 1969 was advised by one of the defendants that there were no funds in the Sanitary Improvement District No. 43 treasury for payment to the plaintiff; that, therefore, there would be a tax levy and assessment to raise such funds; that the earliest time the plaintiff could have been paid was after April of 1971; and that in reliance upon the statement by defendant Dennis that a sufficient mill levy would be forthcoming to provide funds for payment to the plaintiff, the plaintiff took no further action, other than to file a mechanic's lien and wait.

Based upon these allegations, plaintiff contends that one cannot lull his adversary into a false sense of security and then be permitted to claim the defense of the statute of limitations, when he has induced the delay through misrepresentation, conduct, and promises, citing Degmetich v. Beranek, 188 Neb. 659, 199 N. W. 2d 8; State Farm Mut. Auto. Ins. Co. v. Budd, 185 Neb. 343, 175 N. W. 2d 621; In re Estate of Wise, 144 Neb. 273, 13 N. W. 2d 146; Speas v. Boone County, 119 Neb. 58, 227 N. W. 87.

Although this is a correct statement of the law when applied to certain factual situations, an examination of the cases cited by the plaintiff reveals that the doctrine is not applicable to the present case. Speas v. Boone County, *supra,* was a workmen's compensation case, in which the statute of limitations provided that the claim would be barred unless, within 1 year after the accident, the parties agreed upon the compensation payable. Both the trial court and the Supreme Court found that the parties had entered into such an agreement pursuant to the statutory provision, and the case is, therefore, not applicable both as to its facts and the applicable statutory provision.

In re Estate of Wise, *supra,* does not support the proposition for which it was cited by the plaintiff. There

was a limited discussion of the doctrine of novation but that doctrine is not applicable to this case.

State Farm Mut. Auto. Ins. Co. v. Budd, *supra*, is one of the leading cases in this jurisdiction setting forth the equitable doctrine of estoppel in pais. That case involved an insurer who on several occasions told the plaintiff to diary its file to a date in the future until personal injury claims had been settled, so that it might consider a property damage subrogation claim. Since the insurer on those several occasions assured the plaintiff that it would honor its claim and conceded liability for the full amount of the same, and thereby secured multiple extensions of time to discuss the same until the statute of limitations had run, the court properly applied the estoppel in pais doctrine. In so doing, the court recognized that equitable estoppel rests on the facts and circumstances of each particular case. That case must be limited to its facts, which are much more extreme than those alleged in plaintiff's amended petition.

In Degmetich v. Beranek, *supra*, this court refused to apply the doctrine set forth in the State Farm case, which was therein described as "unusual," to the ordinary creditor-debtor relationship, and accordingly upheld the sustaining of a demurrer on the ground that the statute of limitations had run.

The fact that funds are not available to pay a claim does not toll the statute of limitations. The statute of limitations commences to run upon a contract with a governmental subdivision which raises its money by a tax levy and assessment at the same time as upon any other contract, that is, when the right to payment accrues and not when funds become available to pay the debt. City of New York v. New York City Transit Authority, 53 Misc. 2d 627, 279 N. Y. S. 2d 278; George C. Diehl, C. E., Inc. v. City of Lacawanna, 233 App. Div. 348, 252 N. Y. S. 838, affirmed 258 N. Y. 579, 180 N. E. 340.

Thus, the District Court was correct in sustaining all the demurrers to plaintiff's amended petition, and the judgment in that respect is, therefore, affirmed

AFFIRMED.