IVA JONES V. CECIL JOHNSON, APPELLANT, V. GRETCHEN SWANSON PULLEN, APPELLEE.

300 N.W.2d 816

Filed January 16, 1981. No. 43138.

Virgil J. Haggart, Jr. and Jonathan R. Breuning of Baird, Holm, McEachen, Pedersen, Hamann & Haggart for appellant.

T. Geoffrey Lieben of Fitzgerald, Brown, Leahy, Strom, Schorr and Barmettler for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and MORAN, District Judge.

BOSLAUGH, J.

This is an appeal from an order sustaining the demurrer filed by the third-party defendant to the second amended third-party complaint of the defendant and dismissing the complaint.

The action arises out of a controversy concerning the "Iva and Bill Jones Trust Fund" established by Gilbert C. Swanson on October 15, 1964. The trust indenture provided for the transfer of 3,000 shares of common stock of the Campbell Soup Company to the defendant, Cecil A. Johnson, as trustee, for a period of 11 years, the dividends from the stock, less expenses, to be accumulated in a dividend fund to be known as the Iva and Bill Jones Trust Fund. At the end of 11 years, or sooner upon the happening of certain contingencies, the stock was to be returned to Swanson, or his nominee, if he was living; transferred in accordance with the terms of his will if he was deceased; or transferred to a foundation.

Gilbert C. Swanson died on March 8, 1968. In 1969, at the request of the third-party defendant, Gretchen Swanson Pullen, executrix of the estate of Gilbert C. Swanson, deceased, the defendant sold the

stock. He deposited the proceeds in a checking account of the estate on May 2, 1969.

This action was commenced more than 10 years later, on August 27, 1979, by Iva Jones, the surviving beneficiary of the Iva and Bill Jones Trust Fund, for an accounting; the removal of the defendant Johnson as trustee; restoration to the trust of dividends and interest in the amount of $31,205.56; and costs and attorney fees.

On August 28, 1979, the defendant Johnson obtained leave to file a third-party complaint against Gretchen Swanson Pullen as executrix of the estate of Gilbert C. Swanson, deceased. The second amended third-party complaint was filed on October 17, 1979. The first cause of action, after alleging the basic facts concerning the trust, alleged that the appraiser appointed by the county court to determine the liability of the estate for inheritance tax determined that the Campbell Soup Company stock had reverted to the estate; and that the trustee, after careful and diligent examination of the trust instrument, determined that he was required to transfer the stock to the estate. The trustee prayed for judgment against the executrix on any part of the plaintiff's claim which might be adjudicated against him.

The second cause of action alleged the same facts as the first cause of action and that the transfer of the stock was made in good faith; that the trustee did not know that any person claimed the transfer was unauthorized; that there had been no formal judicial construction or interpretation of the trust indenture; and that if the transfer of trust assets had been made pursuant to a mistaken belief of the defendant, and the defendant was liable to the plaintiff, the executrix was liable for restitution to the trustee of the amount by which the trustee was liable to the plaintiff. The trustee again prayed for judgment against the executrix for any part of the plaintiff's claim which might be adjudicated against him.

The demurrer alleged that the complaint failed to state a cause of action and that the complaint was barred by the statute of limitations and laches. The principal issue upon the appeal is whether the complaint, on its face, shows that any recovery by the trustee against the executrix is barred by the statute of limitations. The parties are agreed that the applicable period of limitation is 4 years under either Neb. Rev. Stat. § 25-207(3) or § 25-212 (Reissue 1979).

A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit. *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979). Whenever a suit may be brought, the statute begins to run. *Bend v. Marsh*, 145 Neb. 780, 18 N.W.2d 106 (1945). Generally, this is true even though the plaintiff may be ignorant of the existence of the cause of action. *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979).

As to the first cause of action the defendant concedes that it accrued in 1969 at the date of the transfer. If the defendant had any right to recover the proceeds of the stock for the benefit of the trust, that right accrued immediately upon the transfer of the proceeds to the estate. The defendant attempts to avoid the bar of the statute by alleging a mistake. He argues that the statute was tolled because of his good faith, although perhaps mistaken, belief that the transfer was required by the terms of the trust indenture.

The defendant has alleged no facts which would operate to toll the statute in this case. There is no allegation of fraud or a mutual mistake of fact. A plaintiff who seeks to avoid the bar of the statute must plead facts to show the statute was tolled. *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976). Although in certain cases mistakes of fact may prevent the statute from running, a mistake of law ordinarily does not avoid the bar of the statute.

In his brief the defendant characterizes the second cause of action as a suit brought in his individual capacity to seek restitution from the estate of the fund for which he may be adjudged personally liable to the plaintiff. The defendant suggests that "it is clearly a cause of action which has not yet even accrued." In this respect we believe the defendant is mistaken in that his liability to the plaintiff, if any, arises from the alleged breach of trust and not from an adjudication to that effect. The defendant relies upon negligence cases involving claims of indemnity or contribution. Neither doctrine is applicable here.

The general rule appears to be that the statute of limitations in favor of a third party runs against the trustee from the date of the transfer. Bogert, *The Law of Trusts and Trustees* § 955 (2d ed. 1962); *Hamrick v. Indianapolis Humane Society, Inc.*, 174 F. Supp. 403 (S.D. Ind. 1959), *aff'd* 273 F.2d 7. See, also, Restatement (Second) of Trusts § 327 (1959); IV Scott on Trusts, § 327.2 (1967). The demurrer to the second amended third-party complaint was properly sustained and the complaint dismissed.

The judgment is affirmed.

AFFIRMED.