SANITARY AND IMPROVEMENT DISTRICT NO. 145 OF DOUGLAS COUNTY, NEBRASKA, APPELLANT, V. CHARLES A. NYE, APPELLEE.

343 N.W.2d 753

Filed February 3, 1984. No. 82-605.

Richard K. Lydick of Lydick & Peterson, for appellant.

Edward F. Fogarty of Fogarty, Lund & Gross, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Sanitary and Improvement District No. 145 of Douglas County, Nebraska (S.I.D.), sued its attorney, Charles A. Nye (Nye), for malpractice. S.I.D. appeals the Douglas County District Court's judgment sustaining Nye's demurrer and dismissing the action. We affirm.

According to the allegations of S.I.D.'s petition, in 1965 S.I.D. was in the process of annexing certain

real estate. Nye was the attorney for S.I.D. In order to complete the annexation approved by S.I.D., Nye was supposed to file S.I.D.'s annexation certificate with the Douglas County clerk. (See Neb. Rev. Stat. § 31-761 (Reissue 1960).) Nye failed to file the certificate in 1965, but continued as attorney for S.I.D. until February 1, 1979. In June 1981 S.I.D. discovered Nye's failure to file the certificate, filed the certificate to complete the annexation, and on February 12, 1982, sued Nye for malpractice.

Nye filed a demurrer reciting that S.I.D.'s petition failed to state a cause of action and that any claim of S.I.D. was barred by the statute of limitations. Nye's demurrer was sustained and S.I.D.'s petition was dismissed. S.I.D. appeals the judgment of the district court dismissing S.I.D.'s petition.

A petition alleging a cause of action not commenced within the time prescribed by the appropriate statute of limitations is subject to a demurrer. See *Schmer v. Gilleland*, 185 Neb. 54, 173 N.W.2d 391 (1970).

If a petition alleges a cause of action ostensively barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. See, *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976); *Jones v. Johnson v. Pullen*, 207 Neb. 706, 300 N.W.2d 816 (1981).

" 'The traditional rule is that the statute begins to run as soon as the action accrues, and the cause is said to accrue when the aggrieved party has the right to institute and maintain a suit. In a contract action this means as soon as breach occurs, and in tort, as soon as the act or omission occurs.' " *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 294, 338 N.W.2d 594, 597 (1983).

To toll the statute of limitations, S.I.D. advocates that, after the attorney's failure to file a certificate to complete annexation in 1965, Nye had a daily duty

to file the certificate and that the time limit for bringing an action against Nye did not begin to run until discovery of the omitted certificate in June 1981.

The gravamen of S.I.D.'s complaint against Nye is the attorney's failure to file the certificate necessary to complete annexation so that S.I.D. could tax real estate within the annexed area. This omission took place in 1965 and was the solitary breach of duty under the circumstances upon which any claim for malpractice could be based. Recurring losses of tax revenue as a result of property being excluded from assessment bear upon possible damage caused by the omission, but S.I.D.'s cause of action accrued when Nye failed to file the certificate to complete annexation. From 1965 to the present, and subject to provisions for undiscovered claims not reasonably discoverable, there has been a 2-year statute of limitations regarding claims for professional negligence. See Neb. Rev. Stat. §§ 25-208 (Reissue 1964) and 25-222 (Reissue 1979). S.I.D.'s petition does not show any excuse for the failure to commence the action before February 12, 1982, approximately 17 years after the attorney's failure to file the certificate to complete the annexation. S.I.D. was required to show some justifiable preclusion of discovery, namely, the cause of action could not reasonably be discovered within the 2-year period prescribed by statute. Absent such showing in its petition, S.I.D. failed to plead a cause of action, and Nye's demurrer was properly sustained by the district court. For this reason the judgment of the district court dismissing S.I.D.'s suit is affirmed.

AFFIRMED.