Polo Manufacturing Company v. Parr.

THE POLO MANUFACTURING COMPANY, PLAINTIFF IN
ERROR, V. WILLIAM PARR AND WILLIAM WENDTE,
DEFENDANTS IN ERROR.

**Promissory Note:** CONDITIONS. P. & W. executed and delivered
a note for the sum of $142.50 to the Polo Manuf. Co. for a Polo
harvestér. On the back of the note was the following memor-
andum : " This note to be paid in wheat at ninety-five cents per
bushel." *Held*, that the memorandum was a part of the note.

ERROR from the district court for Dixon county.

*J. B. Barnes*, for plaintiff in error.

1. The verdict of the jury is not sustained by suffi-
cient evidence, and is against the weight of testimony
given in this cause. The defendants plead payment,
which is denied by the plaintiff. The burden of proof
is on the defendants, and they must prove by a clear
preponderance of evidence the fact of the payment of
said note, either to the plaintiff or to an agent of said
plaintiff, duly authorized by plaintiff to receive pay-
ment thereof, in satisfaction of the same. 2 Parsons
on Notes and Bills, 209 and 210, note f. *Yates v.
Freckleton*, 2 Doug., 622. *Solomon v. Dawes*, 1 Esp., 83.
*Sawyer v. Cutting*, 23 Vt., 486. *Benjamin v. Benjamin*,
15 Conn., 347. Chitty on Bills, page 444, sec. 393.

2. Payment to a wrongful possessor of a promissory
note, payable to the order of the payee, and not en-
dorsed, does not discharge the payor. *Rumsey v.
Schmitz*, 14 Kan., 542.

*Vanatta & Son* and *Ed. T. Healey*, for defendants in
error.

The rule of law is well settled that if a person is
held out to third persons, or to the public at large by

the principal, as having a general authority to act for him in a particular business, the principal is bound by his acts.    Story on Agency, sec. 127, p. 135, and notes on pp. 136 and 137; sec. 131, p. 139; sec. 133, p. 141.    *The City of Davenport v. Peoria Ins. Co.,* 17 Ia., 276.    *Whiting Cashier v. Western Stage Co.,* 20 Ia., 554.    *Farwell & Co. v. Howard & Co.,* 26 Ia., 381. Parsons on Notes and Bills, vol. 1, pp. 100 and 101.

MAXWELL, CH. J.

The plaintiff brought an action in the district court of Dixon county against the defendants, upon the following obligation: ·
" $142.50

                              " PONCA, Neb., July 17, 1875.
" For value received in one Polo harvester, No. 118, we, the subscribers of the town of Ponca, county of Dixon, and state of Nebraska, promise to pay the Polo Manufacturing Co. or order $142.50, in Elk Point, D. T., on the first day of January, 1876, with interest at the rate of ten per cent per annum until paid, and if paid when due a deduction of ten per cent per annum.    It is also stipulated that should suit be commenced to enforce the collection of this note, the holder thereof shall be allowed an attorney's fee of five per cent upon the amount due.    And in consideration of credit given, I hereby waive all exemptions given by statute, and agree that execution may levy upon property so exempt.    The express condition of the purchase and sale of the said Polo harvester is such that the ownership and right of property does not pass from Polo Manuf. Co. until this note and interest are paid in full. And the said Polo Manuf. Co. have full power to declare this note and interest due, and to take possession of said property at any time the Polo Manuf. Co. may

deem itself insecure, even before the maturity of the note. For the purpose of obtaining credit, we certify that we own in our own names 320 homestead acres of land, in towns 30 and 31, range 5 east, county of Dixon, state of Nebraska, with 100 acres improved, worth at a fair valuation, $1200.00. It is not encumbered by mortgage or otherwise, except the amount of $—, and that the title is perfect in all respects. We own $800.00 worth of personal property over all incumbrances, except the incumbrance on land, if any.

                              his
(Signed) "WM. + PARR,        "Witness: E. H. JONES.
                             mark.
              "HERMAN WENDTE."

On the back of the note were the following endorsements:

"This note to be paid in wheat at ninety-five cents per bushel;"

"For value received we guarantee the payment of the within note, and waive protest, demand, and notice of non-payment.

            (Signed)              "LAIRD & KING."

The bill of exceptions contains the following stipulation: "It is hereby stipulated and agreed that on the trial of this cause, and on the opening of the same to the jury and before the introduction of testimony, it was admitted by the counsel for plaintiff in said opening of said cause, that on the twenty-ninth day of December, 1875, the defendants delivered to Laird & King, at Elk Point, Dakota Territory, enough wheat at the rate of ninety-five cents per bushel to amount to the sum due on the note in question in this suit.

            (Signed)              "J. B. BARNES,
                             "Attorney for Plaintiff."

On the trial of the cause a verdict was rendered for

the defendants, upon which judgment was rendered dismissing the same.   The cause is brought into this court by petition in error.

The errors assigned are :   That the court erred in its instructions to the jury, etc.   That the court erred in admitting the evidence of the defendants, etc.   That the court erred in overruling the motion for a new trial, etc.

The wheat in payment of the note was delivered to Laird & King, and the only question to be determined is, their authority to receive it, the note at the time being in the possession of the plaintiff.   That Laird & King were the authorized agents of the plaintiff to receive payment of the note in wheat is shown by a clear preponderance of the testimony, notwithstanding the denial of the officers of the company.

Exceptions were taken by the plaintiff to all the instructions given by the court to the jury, but our attention is particularly called to the fourth instruction, which is as follows:

"In consideration of this subject you can take into consideration the fact that the note in question was indorsed as being payable in wheat at Elk Point, D. T., but silent as to whom payable; also, all statements made by plaintiffs in their depositions and letters written by them about the time of the payment of the wheat, with reference to the agency of these gentlemen, Messrs. Laird & King."

It is particularly urged that the memorandum on the back of the note, that it was payable in wheat, was no part of the contract, and should not have been considered.

In the case of *Hartley v. Wilkinson*, 4 Camp., 127, a note absolute on its face had this condition written on the back: "This note is given on condition that if any dispute should arise between Lady Wray and D.

Hartley respecting the sale of the within-mentioned fir, then the note to be void." *Held,* a part of the note. Also, where there was indorsed on the back of the note that it was "to be taken for security for all balances as J. M. may happen to owe T. L. & Co., not extending further than the within-named £200, but this note to be in force for six months, and no money to be called for sooner in any case." *Lusk v. Lancashire,* 2 Camp., 205.

So where there was endorsed on the back of the note: " The within note is given for securing certain floating advances.". *Cholmeley v. Darley,* 14 M & W., 344. And when an endorsement was made that payment was not to be expected until a mill was sold. *Blake v. Coleman,* 22 Wis., 416. Daniel on N. Inst., sec. 151. 2 Parsons on Notes and Bills, 542.

The rule results from the principle that the construction of the note is to be gathered from the whole of it, as well from the words on the back as those on the face. Therefore, a memorandum upon the back of a note, made by agreement of the parties before signing, will bind all the parties to it.· The instruction, therefore, is not erroneous. From a careful examination of the entire record it is clear that there is no error of which the plaintiff can complain; and it is apparent that justice has been done in rendering judgment for the defendants. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

The plaintiff's attorney makes application to file a motion for a re-argument of the case upon certain enumerated grounds, none of which are sufficient to justify the court in granting a re-argument. The case has been fully and carefully considered, and we see no reason for changing our decision. The application to file the motion must therefore be denied.