SCHOOL DISTRICT NO. 8 IN DODGE COUNTY, PLAINTIFF
IN ERROR, V. EMMA A. ESTES, DEFENDANT IN ERROR.

1. Contract: CONSTRUCTION. As a general rule, a contract must
   be construed by reference to the provisions contained in it, and
   not by anything *de hors*; but in some cases the court will look
   to the subsequent acts of the parties under it.

2. ———: ———. Where both parties to a contract, with a full
   knowledge of its terms, by their action under it have given it
   the same construction, it is a safe rule to adopt that construc-
   tion, where there is a possible doubt as to its meaning, in esti-
   mating damages under it.

3. School Teacher: CERTIFICATE: WAGES. A proper certifi-
   cate of qualification is essential to warrant a school board in
   paying a teacher from the public school funds. The prohibition
   of the statute, however, is upon the district board, and not upon
   the teacher; and where, during a part of a term, the teacher was
   without a certificate, notwithstanding which payment for the
   time was made, in an action to recover wages due for the last
   month of the term during all of which the teacher had a certifi-
   cate, *Held*, That the amount so paid could not be set off against
   what was due for the last month.

ERROR to the district court for Dodge county. Tried
below before POST, J.

*William Marshall,* for plaintiff in error.

*E. F. Gray,* for defendant in error.

LAKE, CH. J.

It is evident that the written contract sued upon does
not fully express the agreement of the parties to it, and
under some circumstances its reformation by suitable action
would have been indispensable to entitle the defendant in
error to recover wages for her services as teacher at the
rate of forty-five dollars per month. As expressed, the
sum mentioned would seem to be the compensation for the

entire term of nine months, the language being "that the said Emma Estes shall teach the primary school of said district for the term of nine months, commencing on the 11th day of April, 1880," for which the school board, on behalf of the district, agreed "to pay said Emma Estes" * * * * * "the sum of $45; the same being the amount of wages agreed upon to be paid on or before the first day of April, 1880."

But in her petition the defendant in error construed the contract in this particular, and claimed that this sum expressed the monthly wages which she was to have. And this construction is precisely the same as that adopted and acted upon by the district board in making payments, as is conclusively shown, not only by the evidence, but by their answer as well, wherein it is charged that "between said 12th day of April, A. D. 1880, and the —— day of September, A. D. 1880, the plaintiff taught said school for three months, for which said three months' teaching of said school the defendant paid her the sum of $135.00." Thus it appears that the parties to this contract were in full accord as to the rate of compensation to be paid—that it was forty-five dollars per month, at which rate payment was voluntarily made for the whole time that school was actually taught. Under this state of facts the court was fully warranted in assuming and saying to the jury that the wages under the contract were "$45 per month, and not $45 for the entire term of nine months, as contended by the defendant." It is doubtless true that, in general, a contract must be construed by the provisions contained in it, and not by anything *de hors;* but still, in some cases the court will look to the subsequent acts of the parties. Chitty on Contracts, * 88. It is not even suggested on behalf of the district that any mistake was made in paying at the rate of forty-five dollars per month for the time the school was actually taught; so that the parties themselves, with a full knowledge of the terms of the contract, having united and fully

agreed as to its proper construction, and there being a possible doubt as to its meaning, the court did right in adopting that construction as the proper one in estimating damages for its violation.

One of the grounds of complaint here is that oral testimony was admitted as to whether the forty-five dollars mentioned in the contract was to be paid " by the week or month." An interrogatory of this character was put to the defendant in error while testifying in her own behalf, to which she answered, against the objection that it was incompetent, " by the month." The admission of this testimony was clearly error, and were it not that the acts of the district board and the admission of the answer rendered this testimony entirely superfluous, would necessitate a reversal of the judgment. As the case stood, however, the error was without prejudice to the district, and furnishes no ground for a new trial. The defendant in error was employed, as we have seen, to teach a term of nine months. As to eight months of this time, it is agreed that the contract was duly performed by both parties. The school was taught, and the wages at the rate of forty-five dollars per month paid monthly. The controversy between the parties concerns the last month only of the engagement, which was neither taught nor paid for. The failure to teach this month, as the defendant in error alleged and conclusively established by evidence, was through no fault of hers, but was owing solely to the default of the officers of the district in the performance of their part of the contract by which she was prevented from continuing the school, although she was present, able, and anxious to complete the term. Under these circumstances she is certainly entitled to the same compensation as if she had actually kept the school during that month.

It appears that during three months of the time that school was taught and for which payments were made, the defendant in error was without a certificate of qualification.

She had such certificate at the time of hiring, which however, expired shortly afterwards by limitation, and some three months elapsed before she obtained a renewal. It is now claimed on behalf of the school district that the payments for these three months were unauthorized, and it is sought to set off enough thereof to cancel the damages found in her favor. We think this claim was properly rejected by the district court. It is true that the statute prohibits the school board from paying from the school fund any but qualified teachers, and makes a certificate or diploma, issued in the manner directed, the only evidence of such qualification. The prohibition of the statute is, however, upon the district board, and not upon the teacher. It was the duty of the board to see to it that the teacher possessed the requisite evidence of qualification before making payment; but not having done so, we do not think they should be permitted to recover the money for the district, or to set it off against wages earned during a time when she confessedly had such certificate.

As to the questions of fact discussed by counsel for the plaintiff in error at considerable length, we will pass them with the simple remark that they appear to have been fairly submitted to the jury, with whose decision we see no good reason for interfering.

JUDGMENT AFFIRMED.