J. A. GRIMISON, PLAINTIFF IN ERROR, v. H. C. RUSSELL, DEFENDANT IN ERROR.

1. **Negotiable Instruments.** A memorandum upon a note made contemporaneously with and delivered with it, and intended as a part of the contract, is a substantive part of the note, and qualifies it the same as if inserted in the body of the instrument, and with it constitutes a single contract. *Benedict v. Cowden*, 49 N. Y., 396.

2.  ———.  An instrument in the form of a promissory note, but which by its terms is only to be payable on the condition of another certain note therein named being not paid, is not a negotiable promissory note.

ERROR to the district court for Colfax county. Tried below before GEORGE W. POST, J.

*Phelps & Thomas,* for plaintiff in error, cited: 1 Daniels, 35.  1 Wait's Actions and Defenses, 534, 538, 539, 545–549.  8 Southern Law Review, N. S., 526, and cases cited in notes 4 and 5.  *Leeds v. Lancashire,* 2 Comp., 205.  *Hartley v. Wilkinson,* 4 Maule & Selwyn, 25. Brandt on Suretyship, § 79.  *Lang v. Pike,* 27 Ohio State, 498.  *Kingsbury v. Westfall,* 61 New York, 360.

*M. B. Hoxie & L. D. Chambers,* for defendant in error, cited: *Bailey v. Freeman,* 7 Johns., 280.  *Nelson v. Boynton,* 3 Metc., 400.  *Bainbridge v. Wade,* 16 Q. B., 89. *Henry v. Coleman,* 5 Vermont, 402.  *Brill v. Crick,* 1 Messon & Welsby, 232.  *Saunders v. Bacon,* 8 Johns., 485.  2 Parsons Notes and Bills, 517, and cases cited.

COBB, J.

This action was brought in the district court on a note, of which the following is a copy:

"$103.10.    SCHUYLER, NEB., August 13, 1877.

"Ninety days after date, we, or either of us, promise to pay to Geo. H. Wells or order, one hundred three 10-100 dollars, for value received, negotiable and payable without defalcation or discount at the banking house of Sumner & Co., Schuyler, Nebraska, with interest at the rate of 12 per cent per annum from maturity until paid.

"In case this note is not paid at maturity and an action commenced thereon, we agree to pay a reasonable attorney's fee, not exceeding ten per cent on the amount due, the

same to be allowed by the court and included in the judgment.  The conditions of this note are set forth in full upon the back of this note.

"(Signed)                 "W. WRIGHT.

                          "J. A. GRIMISON."

On the back is the following :

"This note is to be binding upon the signers only on the following condition :   That a certain note for ($103.10) one hundred three 10-100 dollars signed by W. Wright and G. H. Wells, and made payable to Wells & Nieman of Schuyler, Neb., be not paid.

                          "W. WRIGHT.

                          "G. H. WELLS.

                          "J. A. GRIMISON."

"Pay H. C. Russell without recourse."

There was a judgment for the plaintiff below, and the defendant Grimison brings the cause to this court on error. There can be no doubt upon the authorities that the writing on the back of the note must be taken as a part of it, the same as though it were written on its face and above the signature.   This would be so even had the memorandum not been signed as it was in this case by all or any of the parties.   This question is thoroughly discussed by Judge ALLEN in *Benedict v. Cowden*, 49 N. Y., 396, and all the authorities cited.   The question was, however, squarely before this court in the case of the *Polo Manufacturing Co. v. Parr*, 8 Neb., 379, and squarely decided.   In the opinion by the then Chief Justice the court say :  " The rule results from the principle that the construction of the note is to be gathered from the whole of it, as well from the words on the back as those on the face, therefore a memorandum upon the back of a note made by agreement of the parties before signing, will bind all of the parties to it."

It therefore follows that the note sued on, not being an instrument providing for the payment of a certain sum of

money absolutely and at all events, is not a negotiable prom-
issory note within the law.   It does not follow that it is
not a legal instrument or that the plaintiff cannot obtain
some measure of relief upon it.   But in any suit for such
relief he will be obliged to resort to such pleadings and
proofs as are adapted to his rights as the holder of an as-
signed chose in action, and not to such as are only applica-
ble to the rights of an endorsee of negotiable paper.

The judgment of the district court is reversed and the
cause remanded for further proceedings according to law.

REVERSED AND REMANDED.