NIELS SEIEROE ET AL. V. FIRST NATIONAL BANK OF KEARNEY.

FILED FEBRUARY 16, 1897.    No. 7085.

1. **Negotiable Instruments: CONTEMPORANEOUS CONTRACTS: EVIDENCE.** In an action on a promissory note, or other written agreement, a contemporaneous contract in writing, connected therewith by direct reference or by necessary implication, is admissible as part of the transactions involved.

2. ———: ———: MORTGAGES. In a promissory note otherwise in the usual form it was recited that "this note is secured by a real estate mortgage of date herewith and governed by the conditions thereof." The mortgage referred to, after authorizing foreclosure in case of non-payment of interest or taxes, contained the following clause: "But no general execution shall issue herein against the maker or indorser of said note, but the mortgagee, or his assigns, shall be entitled to immediate possession of the premises, and shall take the same in full satisfaction of his debt." *Held*, To exempt the makers and indorsers of the note from personal liability thereon, and to restrict the remedy of the holder of the mortgage security.

ERROR from the district court of Buffalo county. Tried below before BATES, J. *Reversed.*

*H. C. Burnett, V. O. Strickler*, and *R. A. Moore*, for plaintiffs in error.

*E. C. Calkins* and *Warren Pratt, contra.*

POST, C. J.

This cause originated before a justice of the peace for Buffalo county, from whence it was taken by appeal to the district court for said county, where a trial was had, resulting in a verdict for the plaintiff therein under the direction of the court, upon which judgment was subsequently entered and from which the defendants Moore and Seieroe prosecute error to this court. The cause of action alleged is the following promissory note of Moore and Shipman:

KEARNEY, NEB., March 10, 1891.

"Twelve months after date we promise to pay Niels Seieroe, or order, ($150) one hundred and fifty dollars, with ten per cent interest from date, interest payable semi-annually. And it is further agreed that this note is secured by a real estate mortgage of even date herewith and governed by the conditions thereof; and in case an action is commenced to foreclose said mortgage, a reasonable sum shall be allowed as attorney's fees and made a part of the judgment hereon.          R. A. MOORE.
                                                "J. E. SHIPMAN."

The mortgage to which reference is made in the note was executed by Shipman and wife and contains the following, among other provisions: "It is distinctly understood that the legal holder or holders hereof may immediately cause this mortgage to be foreclosed; but no general execution shall issue herein against the maker or indorser of said note, but the mortgagee, or his assigns, shall be entitled to immediate possession of the premises and the rents, issues, and profits thereof, and shall take the same in full satisfaction of said debt." The makers of the note and Seieroe, the payee, whom it is sought to charge as an indorser, answered separately, each alleging as a defense the condition of the note and mortgage above set out which, as they claim, exempts them from personal liability and restricts the remedy of the payee and his assigns to the mortgage security.

The first contention of plaintiff in error is that the two instruments are, for the purpose of determining the question of their liability in this action, to be construed as a single contract. That proposition is obviously sound and rests upon a principle distinctly recognized by this court in *Polo Mfg. Co. v. Parr*, 8 Neb., 379, and *Grimison v. Russell*, 14 Neb., 521. See, also, 1 Randolph, Commercial Paper, sec. 198, and cases cited.

The next and only remaining question is that of the construction of the note and mortgage when read together. *Kennion v. Kelsey*, 10 Ia., 443, was an action on

a promissory note, to which the defendants answered
setting out a mortgage executed by them contemporane-
ously with the note sued on, as a part of the same contract
and containing the following recital: "But it is agreed
general execution shall not issue herein." In reviewing
an order sustaining a demurrer to the answer on the
ground that it failed to state a defense, the court, by
Lowe, C. J., say: "This covenant was incorporated in the
mortgage for some purpose. What was that purpose?
It seems to us that there can be but one answer given to
that question. It is that the mortgagee should look to
the land mortgaged alone for the satisfaction of his debt
in case he resorted to any remedial process to enforce his
claim. Under this contract he can never have a general
execution and, therefore, as a matter of legal propriety,
he is not entitled to a general judgment, but is limited
in his remedy to a special proceeding against the mort-
gaged premises." The reasoning there employed appears
to be unanswerable and applies with even greater force
to the case at bar, since it is here expressly stipulated
that no general execution shall issue against the makers
or indorsers of the note, but that "the mortgagee, or his
assigns, * * * shall take the same [the mortgaged
premises] in full satisfaction of said debt."

Counsel for defendant in error argue that the construc-
tion contended for would nullify the promise to pay,
which is the principal incident of the note, an interpreta-
tion, it is claimed, alike destructive of the contract and
opening the doors to fraud and deceit. But to that argu-
ment we answer that an agreement such as is here in-
volved is simply an acknowledgment by the mortgagee
or pledgee that he relies upon the security exacted and
not upon the personal credit of the promisor. Again,
counsel overlook the fact that the note is but a part of
the contract, and that the true character of the transac-
tion is to be ascertained from the terms of each instru-
ment as modified or limited by the conditions contained
in the other. The agreement in this case, when thus

viewed, is susceptible of but one construction, viz., a pledge of the property described in the mortgage as security for the debt, limited by an undertaking on the part of the mortgagee to look to the property pledged for the satisfaction of his debt and exempting the makers and indorsers of the note from personal liability thereon.

JUDGMENT REVERSED.