LARRY R. BANDO, APPELLANT, V. ESTHER M. COLE ET AL., APPELLEES.

250 N. W. 2d 651

Filed February 23, 1977. No. 40823.

Wellensiek, Rehmeier & Skudlarek, for appellant.

E. Dean Hascall of Hascall & Jungers, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action to recover the downpayment made pursuant to a contract for the sale of real estate. The action was tried to the court which found generally

for the defendants. The plaintiff has appealed. The assignments of error allege in substance that the plaintiff was entitled to judgment as a matter of law.

The facts for the most part are undisputed. Where there are conflicts in the evidence, they must be resolved in favor of the defendants. In determining the sufficiency of the evidence to support the judgment it must be considered in the light most favorable to the defendants, all conflicts must be resolved in their favor, and they are entitled to the benefit of every inference that may be reasonably deduced from the evidence.

The record shows that on January 19, 1972, the plaintiff, Larry R. Bando, and his father, Ralph H. Bando, inquired of the defendants, Esther M. Cole and Leo H. Cole, concerning a sale of their 160-acre farm in Otoe County, Nebraska. The parties arrived at an agreement for the sale of the land to Larry R. Bando for the sum of $80,000. The sum of $12,000 was to be paid at the date of the execution of the contract with the balance of $68,000 to be paid on March 1, 1972.

The parties met at the office of Vantine A. James that afternoon to execute a written agreement. A contract was prepared by James on a printed form which was signed and ackknowledged by the plaintiff and the defendants. The contract, which is exhibit 2, provided specifically that if the purchaser did not consummate the purchase upon the terms set forth, all right or claim of the purchaser under the agreement might be terminated at the option of the sellers "in which case the purchaser shall forfeit all payments made."

At the time exhibit 2 was executed James cautioned the plaintiff and his father several times that if they did not complete the contract they would forfeit the $12,000 downpayment. Ralph replied to the effect there was no problem with financing because he could obtain the money from several sources.

After exhibit 2 had been executed by the parties, Ralph wrote out checks to the defendants totaling $12,000. The plaintiff then produced a printed form for an "Option to Purchase Real Estate" prepared by the Farmers Home Administration (FHA). The plaintiff explained that he needed to have this form executed so that he could obtain a loan from the FHA. James made several changes in the form at the request of the defendants and filled in the necessary information. The option agreement, which is exhibit 1, was then executed and acknowledged by the plaintiff and the defendants.

Exhibit 1 recited that the consideration for the option was $12,000 and other valuable consideration. It further provided the option was given to enable the buyer to obtain a loan insured or made by the FHA; that the buyer's efforts to obtain a loan constituted a part of the consideration for the option; and in the event a loan could not be processed by FHA or obtained from another source, any downpayment would be refunded.

The plaintiff and his father were unable to obtain financing so the purchase was never consummated. This action was commenced on July 8, 1974, to recover the downpayment of $12,000.

The petition pleaded only the option agreement, exhibit 1, and alleged the facts concerning the inability of the plaintiff to obtain financing. The answer of the defendants pleaded the contract, exhibit 2, and alleged the parties intended for it to govern the sale of the property. The answer further alleged that the option agreement, exhibit 1, was executed solely as an accommodation to the plaintiff in order to enable him to obtain financing through the FHA.

The plaintiff's principal contention is that the option agreement, exhibit 1, superseded the contract, exhibit 2, because exhibit 1 was executed after exhibit 2 had been executed.

Generally, in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are legally one instrument and will be construed together as if they were as much one in form as they are in substance. Pike v. Triska, 165 Neb. 104, 84 N. W. 2d 311. Generally, parol evidence is admissible for the purpose of explaining and showing the true nature of the transaction between the parties. Olds v. Jamison, 195 Neb. 388, 238 N. W. 2d 459.

Exhibit 1 and exhibit 2 were executed by the parties at approximately the same time and as part of the same transaction. They are in conflict as to whether the downpayment should be refunded or forfeited. Exhibit 2, the sale contract, provides that all payments will be forfeited if the purchaser fails to complete the contract. Exhibit 1, the option agreement, provides that the downpayment will be refunded in the event the purchaser is unable to obtain financing.

The evidence sustains a finding that the parties understood the $12,000 would be forfeited by the plaintiff if he was unable to complete the contract and the option agreement was intended only as an accommodation to the plaintiff so that he could obtain financing through FHA. The defendants demanded the 15 percent downpayment because they were required to deliver possession of the property on or before March 1, 1972. To perform the contract the defendants were required to move out of their house and sell their farm equipment. They offered evidence to show they had disposed of their farm equipment and were ready to perform on March 1, 1972.

The plaintiff did not notify the defendants that he was unable to complete the transaction until on or about May 28, 1972. The defendants offered evidence to show they had difficulty in finding a tenant by that

time and suffered heavy crop losses due to the resulting delay in planting the land.

The plaintiff also contends the forfeiture provision in the contract was not enforceable because the amount exceeded the damages the defendants sustained as the result of the plaintiff's failure to perform. This issue was not raised in the pleadings in the District Court, and the plaintiff objected to the evidence offered by the defendants to show the damages they had sustained as a result of the plaintiff's failure to perform.

Ordinarily a sum paid in part performance of a contract, with a provision that it shall be forfeited in the event of a default, if not excessive, and if the actual damages are not calculable in advance, will be regarded as liquidated damages. Growney v. C M H Real Estate Co., 195 Neb. 398, 238 N. W. 2d 240. A liquidated damages provision is enforceable if the amount stipulated is either a reasonable estimate of the probable damages or is reasonably proportionate to the actual damages caused by the breach. See, also, Edgar v. Anthes, 109 Neb. 546, 191 N. W. 682; Tarry v. Johnston, 114 Neb. 496, 208 N. W. 615.

The evidence shows the plaintiff and his father went to the defendants' home and solicited the sale of the property. The defendants were unwilling to sell unless they received their price and 15 percent of the price was paid in advance. In reliance on the contract they disposed of their farm equipment and prepared to vacate the property on March 1, 1972. When the plaintiff finally conceded that he could not perform, the normal planting dates were past and it was difficult to find a tenant. The defendants offered to prove that because of late planting they received a yield of only 15 bushels per acre as compared to an average yield of 89 bushels per acre.

While the evidence on this phase of the case is not as complete as would ordinarily be required, the plaintiff in this case is in no position to complain because he

did not raise the issue in the District Court and prevented the defendants from proving in greater detail the damages they actually sustained. Under these circumstances we believe the judgment for the defendants should be affirmed.

The judgment of the District Court is affirmed.

AFFIRMED.