RICHARD P. STRAYER AND ROBERT L. PETTEGREW,
APPELLANTS, V.
CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL.,
APPELLEES.

311 N.W.2d 510

Filed October 23, 1981.  No. 43500.

Thomas F. Dowd of Dowd & Fahey Law Offices and Jerome A. Merwald for appellants.

Herbert M. Fitle, City Attorney, and Kent N. Whinnery for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiffs, Richard P. Strayer and Robert L. Pettegrew, are park caretakers employed by the City of Omaha, Nebraska. They brought this action against the City, the mayor, the Finance Department director, and the Parks and Recreation Department director on behalf of themselves and all other similarly situated current and former employees who had been employed by the City within the preceding 5 years. The plaintiffs alleged they were hourly employees but had not been paid for hours worked in excess of 40 hours per week. The plaintiffs prayed for an accounting of the wages due them, together with interest, costs, and attorney fees.

The answer of the City alleged that the plaintiffs were entitled to wages at the hourly rate for only 40 hours per week and that there was no identity of interest be-

tween the plaintiffs and other members of the class.

The trial court found that the action was not properly brought as a class action and that the plaintiffs were entitled to be paid at the hourly rate on the basis of only 40 hours per week without regard to the hours actually worked. The plaintiffs have appealed.

The plaintiffs are employed as either Park Caretaker I or Park Caretaker II by the defendant City. The collective bargaining agreement provides an "hourly rate" of pay for the classifications which include Park Caretakers I and II. The testimony shows that the hourly rate was determined by multiplying the monthly rate by 12, and then dividing that figure by 2,080 hours. The number of hours, 2,080, was arrived at by multiplying 52 weeks by 40 hours. The plaintiffs contend the formula for determining the hourly rate assumes a 40-hour week.

The caretakers are on call 24 hours a day, but their "workweek" is a 6-day 48-hour week. Twice a month they are paid one half of what is defined in the collective bargaining agreement as their monthly rate of pay.

The plaintiffs contend that caretakers are hourly employees and their basic weekly salary should be the stated hourly rate times 48 hours. They emphasize that vacation, sick, and overtime pay for the caretakers is figured on the basis of the "hourly rate."

Park caretakers who work on their regularly scheduled day off are paid one and one-half times the hourly rate stated in the collective bargaining agreement. Witnesses for the City testified that, as to park caretakers, the stated hourly rate is merely a control number to facilitate figuring overtime, vacation pay, and sick-leave pay. They also testified that the 48-hour "workweek" assigned to park caretakers serves the same type of control function for determining time and attendance records. There was also testimony that, during negotiations in the early 1970s, demands were made by representatives of the park caretakers with regard to paying park caretakers by an hourly, rather than monthly,

rate, but that this demand was rejected.

Park caretakers for the City of Omaha are furnished living quarters by the City in the park where they work. Utilities and telephone service are paid for by the City.

The sections of the current collective bargaining agreement dealing with hours of work (Article XII), overtime (Article XIII), meal periods (Article XIV), and show-up and call-in time (Article XV) all specifically exempt employees who are furnished living quarters on city property from the operation of those articles.

While the labor agreement does provide that "Eight hours of work shall constitute a regular daily work shift. A regular work week consists of five consecutive eight-hour days," it further provides that "The provisions of this Article [XII] shall not apply to employees furnished living quarters on CITY property." We think that these provisions demonstrate that considerations applied to city employees based on a 40-hour workweek do not apply to the plaintiffs.

It is clear from the record that the park caretakers have always been paid on a monthly basis. With one exception the job "postings" since 1969, which appear in the record and are announcements of examinations for persons seeking employment as park caretakers, quote a monthly salary.

"'The interpretation given a contract by the parties themselves while engaged in the performance of it is one of the best indications of the true intent of their contract, and should be given great if not controlling influence, * * *.'" *Stover v. Ed Miller & Sons, Inc.*, 194 Neb. 422, 426-27, 231 N.W.2d 700, 703 (1975).

We think the record as a whole shows that the plaintiffs, as park caretakers, are entitled to be paid only on a monthly basis, and the finding of the trial court was correct.

It is unnecessary to consider the assignments of error concerning whether a class action was appropriate.

The judgment of the District Court is affirmed.

AFFIRMED.