MARJORIE E. DEFILIPPS AND JOSEPH L. DEFILIPPS, APPELLANTS, V. ROBERT J. SKINNER AND SKINNER BROS. CATTLE CO., A NEBRASKA CORPORATION, APPELLEES.

320 N.W.2d 737

Filed June 11, 1982. No. 43977.

Bernard B. Smith of Smith & Smith, for appellants.

John Wightman of Wightman, Fallesen and Bacon, for appellees.

Heard before KRIVOSHA, C.J., and HASTINGS, JJ., and COADY and FAHRNBRUCH, D. JJ., and RONIN, D.J., Retired.

COADY, D.J.

This appeal involves a suit filed by the plaintiffs, Marjorie E. and Joseph L. DeFilipps, requesting the District Court to enjoin defendants from the use of the trade name Skinner Cattle Co. The trial court found for the defendants and the plaintiffs appealed that decision. We reverse and remand with directions.

Charles T. Skinner built up a large and well-known cattle feeding business called the Skinner Cattle Co. He had two children, Charles T. Skinner, Jr., and Marjorie Skinner DeFilipps. In 1964 the business began to be operated as a partnership by and among father, mother, son, and daughter.

Charles T. Skinner, Jr., had two children, Robert J. and William J. Marjorie Skinner DeFilipps has three children. In 1968, and with the partnership feeding up to 30,000 head annually, the children of Marjorie and Charles Jr. were brought into the partnership and written articles executed.

The "Partnership Articles of Skinner Cattle Co." provided that the agreement would last 6 years and bound all the persons involved in this lawsuit. Paragraph 18 therein further provided that no value was assigned the goodwill of the business and "upon any determination of the partnership each partner shall be at liberty to commence and carry on a similar business in his own or any other name not being identical with the name of the firm."

In 1970 Charles T. Skinner died, and the 6-year Skinner Cattle Co. agreement ran out in 1974. The surviving partners, also being the heirs, continued the business without any new agreement until Charles Jr. died in 1976.

On November 1, 1976, the remaining partners executed a second agreement labeled the "Partnership Articles of C. T. Skinner Sr. Cattle Co.," stating that Skinner Cattle Co. was a predecessor in interest. This agreement was to continue until October 31,

1977. Paragraph 17 therein again stated that no value was being assigned to goodwill and "upon any determination of the partnership each partner shall be at liberty to commence and carry on a similar business in his own or any other name not being identical with the name of the firm."

On or about August 12, 1977, the parties dissolved their partnership. Marjorie's side of the family began operating under the name and style of C. T. Skinner Sr. & DeFilipps Cattle Co. The wife and children of her brother began operating as Skinner Bros. and as Skinner Bros. Cattle Co. On January 1, 1979, Skinner Bros. Cattle Co. was incorporated, with Robert J. Skinner, William J. Skinner, and Francelene Skinner (Mrs. Charles T. Skinner, Jr.) as the directors, officers, and shareholders thereof.

On or about April 17, 1979, the corporation applied for the registration and use of the trade name Skinner Cattle Co., in accordance with the statutory law of this state. Marjorie and Joseph DeFilipps sued to prohibit the use of such trade name.

Marjorie testified that she had always wanted her name, DeFilipps, added to the name of the firm and partnership. It never was. Robert J. Skinner testified that his family was used to using the name Skinner Cattle Co. and it seemed natural that they should so continue.

The defendants insist, and the trial court found, that the 1976 agreement, being the partnership articles of C. T. Skinner Sr. Cattle Co., superseded the 1968 agreement, being the partnership articles of. Skinner Cattle Co., and that the parties were prohibited only from using the name of C. T. Skinner Sr. Cattle Co. We disagree.

A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter where the terms of the latter are inconsistent with those of the former

so that they cannot subsist together. *In Re Estate of Wise,* 144 Neb. 273, 13 N.W.2d 146 (1944). Paragraph 18 of the first agreement and paragraph 17 of the second do not refer to each other and it is not impossible to enforce both at the same time.

Where it is claimed that by reason of inconsistency between the terms of a new agreement and those of the old the old one is discharged, the fact that such was the intention of the parties must clearly appear. An inspection of the contracts, together with examination of the circumstances, may show that the latter contract was intended as supplementary to the first. *In Re Estate of Wise, supra*; 17A C.J.S. *Contracts* § 395 (1963).

After looking at the contracts and the uncontested facts, we ask ourselves three related questions. Why did the parties cease using Skinner Cattle Co. by agreeing on the use of C. T. Skinner Sr. Cattle Co. upon executing the second agreement? The continued use of the first would have been so simple. Was the change made to indicate to the public that the business was that of senior rather than junior? A yes answer to that question is likely. Upon the execution of the second agreement, did Robert, William, and Francelene Skinner intend that Marjorie Skinner DeFilipps could operate a business under the name of Skinner Cattle Co.? Impossible.

When the parties dissolved their partnership in 1977, they operated their separate businesses as Skinner Bros. Cattle Co. and as C. T. Skinner Sr. & DeFilipps Cattle Co. until 1979 when the corporation made application for the use of the original name. A long list of cases over a long period in this state stands for the proposition that the acts of the parties and their practical interpretation of contracts while engaged in their performance before any controversy has arisen is one of the best indications of their true intent and meaning, and the courts should ordinarily enforce such construction. *School Dis-*

*trict v. Estes,* 13 Neb. 52, 13 N.W. 16 (1882).

The judgment of the District Court is reversed and the cause remanded. The District Court is directed to enter judgment for the plaintiffs and to enjoin Skinner Bros. Cattle Co., a corporation, from using the trade name of Skinner Cattle Co.

REVERSED AND REMANDED WITH DIRECTIONS.

HASTINGS, J., and FAHRNBRUCH, D.J., concur in the result.