HELEN NOWAK, APPELLEE, V. BURKE ENERGY CORPORATION AND
BURKE ENERGY (MIDWEST) CORPORATION, APPELLANTS.
418 N.W.2d 236

Filed January 29, 1988.   No. 85-712.

Richard E. Gee, for appellants.

Michael L. Johnson of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

BRODKEY, J., Retired.
Defendant, Burke Energy Corporation and Burke Energy (Midwest) Corporation, collectively, appeals to this court from a judgment entered against it in the district court for Hall County, Nebraska, in an action brought in said court by the plaintiff and appellee herein, Helen Nowak, against said defendant, to recover installments of principal and interest alleged to be due and unpaid under a certain promissory note and agreement for the sale of a business accompanying the same. Following a trial to the court on June 3, 1985, the court, on July 15, entered judgment against defendant for $22,656.60

principal and $3,868.99 interest, for a total judgment of $26,525.59, the court further providing that the judgment represents the principal and interest payments due to the plaintiff by said defendant up to June 3, 1985, and further providing that the defendant was legally obligated to make all future payments that come due on the contract between the parties, stating that the court did not have jurisdiction to enter a judgment for said amount "at this time."

The only assignment of error contained in the brief of the appellant is that it was error for the lower court to admit extrinsic evidence to the note itself to prove that the parties intended the note to be an interest-bearing note.

The factual background, as set out in the record filed in this court, appears to be that on March 15, 1979, the appellee herein, individually and as personal representative of the estate of Robert Nowak, doing business as Propane Gas and Appliance, entered into an agreement with a firm named Nebraska Propane, Inc., to sell a propane gas business located in St. Paul, Nebraska. The agreement contains the following provisions for the payment of the purchase price:

3. Payment. The purchase price for all of the business and property shall be paid by Buyer to Seller as follows:

(a) $40,677.06 upon the execution of this Agreement, the receipt of which is hereby acknowledged by Seller;

(b) An amount equal to 25 per cent of the total purchase price less the amount paid upon the execution of this purchase agreement shall be paid by certified check by Buyer to Seller on the date of the transfer set out herein.

(c) Seller agrees to finance the balance of the purchase price to be evidenced by a negotiable purchase money promissory note in a form approved by Seller to be amortized in equal monthly installments for over a period of seven (7) years bearing interest at the rate of nine per cent (9%) per annum, said note to be secured by a security agreement and financing statement to be executed contemporaneously therewith granting to Seller a prior lien on all of said personal property covered by this Agreement. Said note and security agreement and financing statement to comply with the requirements of

the Uniform Commercial Code of the State of Nebraska and to contain provisions for Seller to retake the property secured by said security agreement in case of default of any payment for thirty (30) days.

Under the above agreement, the first installment was payable April 15, 1979, and, as shown by an amortization schedule furnished the seller, the final installment would be payable on March 15, 1986.

On the same date the agreement was entered into, March 15, 1979, Nebraska Propane, Inc., signed an "Installment Note for Use with Security Agreement," which, it appears from the evidence, was stapled together with the agreement. Although appellant in its brief expresses doubt whether they were originally so stapled, the answer is not material, as there is no requirement that a sales agreement and installment note separately executed must necessarily be stapled together. However, appellee testified that they were so stapled. The foregoing installment note, as signed by Ronald D. Clemens, executive vice president of Nebraska Propane, Inc., is in words and figures as follows:

> The undersigned promises to pay to the order of Helen Nowak, individually and as Personal Representative of the Estate of Robert Nowak the sum of $122,031.19 Dollars in equal monthly installments of $1,963.37 each, the first installment being payable on April 15th , 1979 and the remaining installments on the same date in each successive month thereafter until this note has been paid in full. The Maker at its option may make prepayments on the principal of this note. Prepayments shall be applied to the installments of principal due on this note in the order of maturity.

> This note is secured under a security agreement made by the Maker with the payee of this note and the holder thereof is entitled to the benefit of the security described therein.

It appears from defendant's answers to interrogatories propounded by counsel for the plaintiff, Helen Nowak, that Nebraska Propane, Inc., subsequently sold the business to a firm called Wilson Propane Wholesale Company. One of the

interrogatories submitted by counsel for plaintiff to defendant was: "Did Burke Energy (Midwest) Corporation assume the debts and obligations of Nebraska Propane, Inc.?" The defendant answered that interrogatory as follows:

> Yes. On June 30, 1981, Burke Energy (Midwest) Corporation, f/k/a Petroleum Products, Inc., assumed certain debts of Wilson Propane Wholesale Company. Wilson had purchased Nebraska Propane, Inc. on December 29, 1979. One of such debts was the Promissory Note dated March 15, 1979 in the amount fo [sic] $122,031.19. Burke's accountants did not review the terms of the Note and the Note payments were assumed under the assumption that interest was owed under the Note. Burke believes that all payments have been made under the Note since the Note does not provide for interest.

It appears that after assuming the debt in question, defendant continued to make the installment payments until May 15, 1984.

Appellant now contends that since the promissory note does not provide for the payment of interest, it is relieved from further installment payments because it has paid the entire principal balance without interest. Appellant further contends that although the agreement accompanying the note does provide for interest at the rate of 9 percent per annum thereon, the court could not read the two statements together because it would be a violation of the parol evidence rule, arguing that it was error to admit evidence extrinsic to the note itself to prove that the parties intended the note to be an interest-bearing note.

The issue in this case is whether the agreement and the promissory note together provide for the accrual of interest. The appellant apparently argues that only the note may be considered and that parol evidence may not be received to vary or add to the terms of a written agreement, citing *Traudt v. Nebraska P. P. Dist.*, 197 Neb. 765, 251 N.W.2d 148 (1977), and *Hornstein v. Cifuno*, 86 Neb. 103, 125 N.W. 136 (1910). Appellant admits in its brief, however, that the general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are

legally one instrument and will be construed together as if they were as much one in form as they are in substance. *Bando v. Cole*, 197 Neb. 722, 250 N.W.2d 651 (1977); 11 Am. Jur. 2d *Bills and Notes* § 70 (1963). While it is clear that the parol evidence rule would exclude evidence, whether parol or otherwise, of antecedent understandings and negotiations and would not permit the admission of same for the purpose of varying or contradicting the written contract (see J. Calamari & J. Perillo, The Law of Contracts § 40 (1970)), yet in this case the appellee does not rely on parol evidence of antecedent understandings and negotiations, but, rather, appellee relies on the written agreement dated March 15, 1979, between appellee and Nebraska Propane, Inc.

We conclude in the instant case that the agreement may be examined to determine whether the promissory note bears interest. The law in Nebraska is well settled with reference to the question before us, and is ably summarized in Wilson, *The Parol Evidence Rule in Nebraska*, 4 Neb. L. Bull. 115 (1925). In the section of the article entitled "Separate Instruments Constituting One Contract," the author of the article, after examining approximately 20 Nebraska opinions, cited therein, on the problem, states as follows:

> The effect of the parol evidence rule, in its exclusion of extrinsic written documents, is very limited, in view of the universally accepted proposition that instruments executed at the same time, as a part of the same transaction, and intended by the parties as one contract, will be so construed. Under this rule it is held that a note, together with a mortgage securing it, will be construed together as one contract. It is obvious that no rule can be formulated by which it can be determined when the several instruments will be deemed one transaction, this depending entirely upon the intent of the parties as disclosed by the instruments themselves or extrinsic evidence.

*Id.* at 142.

In *Seieroe v. First Nat. Bank of Kearney*, 50 Neb. 612, 70 N.W. 220 (1897), the court at that time issued the opinion cited above, holding that in an action on a promissory note or other

written agreement, a contemporaneous contract, connected therewith by direct reference or by necessary implication, is admissible as part of the transactions involved. The case above-cited involved a note and a mortgage given in connection therewith. The court stated at 613, 70 N.W. at 221:

> The first contention of plaintiff in error is that the two instruments are, for the purpose of determining the question of their liability in this action, to be construed as a single contract. That proposition is obviously sound and rests upon a principle distinctly recognized by this court in *Polo Mfg. Co. v. Parr*, 8 Neb., 379, and *Grimison v. Russell*, 14 Neb., 521. See, also, 1 Randolph, Commercial Paper, sec. 198, and cases cited.

More recent Nebraska cases have also held that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument, and will be read and construed as if they were as much one in form as they are in substance. *Lauritzen v. Davis*, 214 Neb. 547, 335 N.W.2d 520 (1983); *Bando v. Cole, supra; Northland Mortgage Co. v. Royalwood Estates, Inc.*, 190 Neb. 46, 206 N.W.2d 328 (1973); *Cedars Corp. v. H. Krasne & Son, Inc.*, 189 Neb. 220, 202 N.W.2d 205 (1972). The agreement in question and the promissory note are obviously part of the same transaction since both were executed March 15, 1979, and the documents were stapled together.

We have previously pointed out that the agreement between the parties provides that 25 percent of the purchase price shall be paid on the date of the transfer of the business, and further provides that

> Seller agrees to finance the balance of the purchase price to be evidenced by a negotiable purchase money promissory note in a form approved by Seller to be amortized in equal monthly installments for over a period of seven (7) years bearing interest at the rate of nine per cent (9%) per annum . . . .

An "Exhibit A" attached to the agreement in question reflects a total purchase price of $162,708.25. This agreement

reflects that the downpayment is $40,677.06. The balance of $122,031.19 under the agreement is the amount reflected on the promissory note. If $122,031.19 is amortized over 7 years at 9 percent per year, consistent with the provisions of the agreement, the monthly payment is $1,963.37. This is the amount of the monthly installment in the promissory note. It is clear from reading the agreement and the promissory note together that the promissory note provides for the payment of the principal in the amount of $122,031.19, together with interest at the rate of 9 percent per year, in 84 monthly installments of $1,963.37. Since the first installment was payable April 15, 1979, the installments would continue the 15th day of each month until the final payment on March 15, 1986.

Appellant suggests that the agreement and promissory note may not have been stapled together. This argument has no merit for two reasons. First, appellee testified that the documents were stapled together at the time of execution, and there is nothing in the record which rebuts the testimony of appellee. Second, there is no requirement that the agreement and promissory note be stapled together. All that is required is that the documents were part of the same transaction. Appellant has not suggested that the agreement and promissory note were not part of the same transaction. It is evident that they were because they were both executed on March 15, 1979. This issue by appellant is not relevant.

Appellant suggests in its brief that the "agreement" seems to contemplate a note different from the one in evidence in this case. It points out that the note is entitled "Installment Note for Use with Security Agreement" but that the second document is not called a "Security Agreement" but, rather, is an "Agreement"; and, further, that the note does not have attached to it the amortization schedule, which is exhibit 18 in the action.

Appellant further points out that there is little similarity between the note that is in evidence in this case as exhibit 1 and the note contemplated by the provision in the contract which has heretofore been set out in some detail. The note, appellant argues, makes no reference to "7 years," or 84 months; 84

payments of $1,963.37 each do not add up to $122,031.19; the note does not provide for 9 percent interest, or any interest at all; and, further, there is no evidence of a "financing statement." We are of the opinion that the fact that the parties failed to completely comply in every respect with the contract by executing a security agreement and financing statement is not relevant to the issue of whether the promissory note bears interest. Appellant argues that 84 installments of $1,963.37 do not total the principal of $122,031.19. Obviously, they do not. If the sum of the monthly installments were equal to the principal amount, then appellant would be correct in its argument that the promissory note bears no interest. Rather, the amount of $122,031.19 represents the present value of 84 monthly installments of $1,963.37 discounted at 9 percent. This was precisely the agreement of the parties, as evidenced by the agreement and the practical examination of the promissory note.

Appellant refers also to trial exhibit 19, the same being a letter from Burke Energy to Helen Nowak dated February 1, 1984, in which reference is made to clarifying the records of the company by asking her to confirm the note involved represents the entire agreement for the monthly payments, and, if so, to sign the letter or acknowledgment and return to the company; below the signature of the writer is typed "AGREED: By:," and the letter was signed by Helen Nowak on February 13, 1984. Notwithstanding the statement by appellee in exhibit 19 that the entire agreement consisted of the note in question, it is clear from the evidence that the agreement was entered into between the appellee and Nebraska Propane, Inc., and that the two should be read together. The interpretation of the promissory note is clear when read in connection with the agreement.

Even when read alone, the promissory note evidences an intent that the promissory note bear interest. The note provides: "The Maker at its option may make prepayments on the principal of this note. Prepayments shall be applied to the installments of principal due on this note in the order of maturity." It would seem obvious that the promissory note bears interest; otherwise, there would be no reason for specific references to prepayment of principal.

Our conclusion is that the agreement and the promissory note are part of a single transaction. When read together, the agreement and the promissory note clearly indicate the intent of the parties that the principal balance of $122,031.19 remaining under the agreement would be amortized over 84 months at 9 percent per year and would be paid in monthly installments of $1,963.37. We conclude that the parol evidence rule does not prohibit an examination of the agreement in connection with the note in question.

One further aspect of this case must be considered at this point. Among the evidence received by the trial court during the trial of this case are numerous documentary exhibits in various forms, all showing or demonstrating the practical interpretation of the contract given by the parties themselves. It is well-established law in this state that the interpretation given to a contract by the parties themselves while engaged in the performance of it is one of the best indications of true intent and should be given great, if not controlling, influence. See, for example, *Lauritzen v. Davis*, 214 Neb. 547, 335 N.W.2d 520 (1983); *DeFilipps v. Skinner*, 211 Neb. 801, 320 N.W.2d 737 (1982); *Strayer v. City of Omaha*, 209 Neb. 734, 311 N.W.2d 510 (1981); *Lovelace v. Stern*, 207 Neb. 174, 297 N.W.2d 160 (1980); *Nebraska State Bank v. Dudley*, 198 Neb. 132, 252 N.W.2d 277 (1977).

With regard to the amortization schedule previously referred to, the evidence is overwhelming that the parties interpreted the note to be in a principal sum of $122,031.19, amortized over 84 monthly installments at 9 percent per year, and payable in 84 installments of $1,963.37. The amortization schedule in evidence reflects a principal amount of $122,031.19, an interest rate of 9 percent per year, a term of 84 months, and monthly payments of $1,963.37.

Also in evidence in this case are forms 1099-INT for the years 1979, 1980, and 1983, showing interest income. These forms are required to be filed in connection with federal income taxes so that the government may be informed of interest paid and to whom paid, for the purpose of checking income tax matters. This is inconsistent with the position of the appellant that the promissory note did not bear interest. Also in evidence in this

case are check stubs from the appellant and Nebraska Propane, Inc., the same being payments on the promissory note to the appellee herein; each of the check stubs in evidence shows an allocation of the payment between interest and principal. Also in evidence is correspondence from the appellant to the appellee in which appellant admits that the note in question bears interest. One letter specifically refers to the interest rate of 9 percent per year, and also to the maturity date of March 1986. The parol evidence rule does not prohibit evidence regarding the interpretation given contracts by the parties themselves, and the evidence above referred to gives clear indication of how the parties interpreted the note and contract in question. The district court properly examined the acts of the parties and the interpretation of the agreement and the promissory note by the parties themselves, as evidenced by the contract.

From what we have stated above, we conclude that the decision of the district court was correct, based upon the applicable law and the evidence, and that said judgment should be, and hereby is, affirmed.

AFFIRMED.